**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TIMOTHY ALLEN HUGHES,       )
                 Petitioner,    )
                          )
vs.                      )       Civil Action No. 14-29J
                          )       Chief Magistrate Judge Maureen P. Kelly
CAMERON, *Superintendent*;      )
KATHLEEN KANE, *Attorney General of*  )
*Pennsylvania,*                )
               Respondent.  )

## MEMORANDUM OPINION

Timothy Allen Hughes ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition") to challenge the denial of parole by the Pennsylvania Board of Probation and Parole (the "Board"). Petitioner claims that the Board's denying him parole was arbitrary and capricious. Because the Board's decision denying Petitioner parole is not conscience shocking, Petitioner's claim must fail. Accordingly, the Petition will be denied and a Certificate of Appealability will likewise be denied.

## I. PROCEDURAL HISTORY

### A. State Proceedings

On May 16, 2012, Petitioner was sentenced to 2 to 6 years of incarceration for committing the crime of arson, endangering a person. 18 Pa.C.S. § 3301(a). On April 12, 2013, the Board denied Petitioner parole for the first time after the completion of Petitioner's minimum sentence. In its April 12, 2013 decision denying Petitioner parole, the Board gave the following reasons for its decision:

> YOUR MINIMIZATION/DENIAL OF THE NATURE AND THE
> CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.

THE NEGATIVE RECOMMENDATION MADE BY THE TRIAL JUDGE.

THE NEGATIVE RECOMMENDATION BY THE PROSECUTING ATTORNEY.

ECF No. 7-1. In addition, the Board indicated to Petitioner that at his next parole application and hearing, the Board would consider whether he successfully maintained a favorable recommendation for parole from the Department of Corrections, and whether he had maintained a clear conduct record. Id.

### B. Federal Proceedings.

Petitioner filed the instant Petition pro se. ECF No. 5. The sole Ground for relief that Petitioner raises is: "Petitioner avers that he was denied parole for impermissible reasons." ECF No. 5 at 5. Respondents filed an Answer to Petition for Writ of Habeas Corpus (the "Answer"), in which they denied Petitioner was entitled to any relief. ECF No. 7. Respondents also attached to the Answer, a copy of the Board's April 12, 2013 decision denying Petitioner parole. All parties have consented to the exercise of plenary jurisdiction by the Magistrate Judge. ECF Nos. 8; 10.

## II. DISCUSSION

Petitioner claims that the Board denied him parole for "impermissible reasons." But does not specify which of the Board's reasons were impermissible. Hence, we deem Petitioner to be asserting that all three reasons by the Board were impermissible. In a conclusory fashion, Petitioner asserts that "the Board's stated reasons for denying him [i.e., Petitioner] parole is arbitrary and capricious and violates the plea agreement." ECF No. 5 at 6. Broadly construing the Petition, we deem Petitioner to be making a substantive due process claim under the Fourteenth Amendment. See, e.g., Buclary v. Borough of Northampton, No. CIV. A. 90-7950, 1991 WL 133851, at *9 (E.D. Pa. July 17, 1991) ("Several circuit courts have interpreted *Ewing*

to hold that an arbitrary and capricious deprivation of state-created entitlements implicates substantive due process concerns."). See also Goodman v. McVey, 428 F. App'x 125, 127 (3d Cir. 2011) ("To find a substantive due process violation, Goodman would have to show that the violation involved action that shocks the conscience."). See also Benson v. Martin, 8 F. App'x 927, 930 (10th Cir. 2001) (explaining it is a habeas petitioner's burden to establish that the challenged action shocks the conscience).

Petitioner fails to show that the Board's reasons for denying him parole shock the conscience. Moreover, we find that the Board's stated reasons do not constitute arbitrary and capricious reasons for denying Petitioner parole. The Board's reliance on the reason that Petitioner minimizes the nature and circumstances of his offense is not arbitrary and capricious. Prever v. Barone, 428 F. App'x 218, 220 (3d Cir. 2011) ("Similarly, the PBPP defendants denied parole based on the DOC's negative recommendation, and Prevet's 'minimization of the nature and circumstances of the offense(s) committed.' We agree with the District Court that these are also legitimate penological concerns"). The Board's reliance on the negative recommendation of the trial judge is not arbitrary and capricious. See Harclerode v. Harry, No. 1:14-CV-01454, 2014 WL 4536525, at *3 (M.D. Pa. Sept. 11, 2014). (denying the habeas petition, where petitioner claimed that the Board's reliance on a negative recommendation by the trial judge was unsubstantiated). The Board's reliance on the recommendation of the prosecutor is not arbitrary and capricious. Smith v. Nish, No. CIV. 3:CV-06-2291, 2007 WL 1544829, at *3 (M.D. Pa. May 24, 2007) ("In the instant case, each of the reasons set forth by the Board for denying reparole [which included the recommendation made by the prosecutor] were permissible considerations. In deciding whether to grant parole, the Board is required to consider the protection of the safety of the public and in so doing, consider the nature and character of the

3

offense committed, the general character and history of the inmate, as well as their written or personal statement, any testimony by the victim, and recommendations of the trial judge, district attorney and any warden or superintendent who has control over the inmate. Each reason provided by the Board falls within the realm of not only permissible, but required factors to be considered. The Board set forth the reasons supporting its denial and it cannot be said that they are arbitrary.").  Accordingly, Petitioner fails to show that the Board's decision violates substantive due process because the Board's reasons for denying Petitioner parole are not arbitrary and capricious.

To the extent that Petitioner claims the Board's denial of parole violated his plea agreement, Petitioner has not produced a written plea agreement and so fails to show that he was guaranteed in that plea agreement that he would be released on parole after the expiration of his minimum sentence.   Hence, Petitioner fails to carry his burden to show that his constitutional rights were violated.

Accordingly, for the foregoing reasons, the Petition is DENIED.  Because jurists of reason would not find the foregoing debatable, a Certificate of Appealability is likewise DENIED.

BY THE COURT,

_s/Maureen P. Kelly_
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: July 19, 2016

cc:     Timothy Allen Hughes
        KP-2180
        SCI Houtzdale
        P.O. Box 1000
        Houtzdale, PA 16698

        All counsel of record via ECF